UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAREN MADELINE SMITH,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>　　　　　　　　Defendant. | Case No.: 17-cv-02108-CAB (RNB)<br><br>**REPORT AND RECOMMENDATION REGARDING CROSS-MOTIONS FOR SUMMARY JUDGMENT**<br><br>**(ECF Nos. 17, 20)** |

This Report and Recommendation is submitted to the Honorable Cathy Ann Bencivengo, United States District Judge, pursuant to 28 U.S.C. § 636(b)(1) and Civil Local Rule 72.1(c) of the United States District Court for the Southern District of California.

On October 13, 2017, plaintiff Karen Madeline Smith filed a Complaint pursuant to 42 U.S.C. § 405(g) seeking judicial review of a decision by the Commissioner of Social Security denying her application for Supplemental Security Income ("SSI"). (ECF No. 1.)

Now pending before the Court and ready for decision are the parties' cross-motions for summary judgment. For the reasons set forth herein, the Court **RECOMMENDS** that plaintiff's motion for summary judgment be **GRANTED**, that the Commissioner's cross-motion for summary judgment be **DENIED**, and that Judgment be entered reversing the

decision of the Commissioner and remanding this matter for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

## PROCEDURAL BACKGROUND

On October 4, 2010, plaintiff filed a prior application for SSI, alleging disability beginning January 1, 2007, which was denied initially and upon reconsideration. (Certified Administrative Record ["AR"] 20, 87.) An administrative hearing was held before Administrative Law Judge ("ALJ") Simon on December 14, 2012. (AR 20, 61-83.) As reflected in his April 25, 2013 decision, ALJ Simon found that plaintiff had not been under a disability, as defined in the Social Security Act, since October 4, 2010. (AR 87-96.)

On October 16, 2013, plaintiff protectively filed another application for SSI, alleging disability beginning May 1, 2013. (AR 20, 202-07.) After her application was denied initially and upon reconsideration (AR 133-36, 141-45), plaintiff requested an administrative hearing before an ALJ (AR 147-49). An administrative hearing was held on March 3, 2016 before ALJ Valentino. (AR 31-60.) Plaintiff appeared at the hearing with counsel, and testimony was taken from her, as well as from a medical expert ("ME") and a vocational expert ("VE"). (AR 31-60.)

As reflected in his April 5, 2016 hearing decision, ALJ Valentino found that plaintiff had not been under a disability, as defined in the Social Security Act, since October 16, 2013, the date her application was filed. (AR 17-30.) The ALJ's decision became the final decision of the Commissioner on August 29, 2017, when the Appeals Council denied plaintiff's request for review. (AR 1-6.) This timely civil action followed.

## SUMMARY OF THE ALJ'S FINDINGS

In rendering his decision, ALJ Valentino followed the Commissioner's five-step sequential evaluation process. *See* 20 C.F.R. § 416.920. At step one, the ALJ found that

plaintiff had not engaged in substantial gainful activity since October 16, 2013, the application date.[1] (AR 22.)

At step two, ALJ Valentino found that plaintiff had the following severe impairments: low back pain with significant osteoarthritis at L5-S1; status post left shoulder surgery and status post left wrist surgery with full recovery; and major depression. (AR 23.)

At step three, ALJ Valentino found that plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the impairments listed in the Commissioner's Listing of Impairments. (AR 23.)

Next, ALJ Valentino determined that plaintiff had the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. § 416.967(b) "except unskilled." In addition, plaintiff could not climb ladders, ropes, or scaffolds, and could only occasionally reach overhead with her left upper extremity. (AR 23-24.)

For purposes of his step four determination, ALJ Valentino adduced and accepted the VE's testimony that a hypothetical person with plaintiff's vocational profile and RFC would be able to perform her past relevant work as a cashier and a checker, both as actually done and as generally done in the national economy. (AR 26.)

Based on his determination that plaintiff could return to her past relevant work, ALJ Valentino concluded that plaintiff had not been disabled since October 16, 2013, her application date. (AR 26-27.)

**DISPUTED ISSUES**

As reflected in plaintiff's motion for summary judgment, the disputed issues that plaintiff is raising as the grounds for reversal and remand are as follows:

---

[1] SSI is not payable prior to the month following the month in which the application is filed. *See* 20 C.F.R. § 416.335.

3

17-cv-02108-CAB (RNB)

1. Whether ALJ Valentino erred when he applied a presumption of non-disability in his 2016 administrative decision, based on ALJ Simon's 2013 administrative decision. (*See* ECF No. 17-1 at 3-6.)

2. Whether ALJ Valentino's RFC limitation to unskilled work sufficiently accommodated plaintiff's moderate difficulties in concentration, persistence, and pace. (*See* ECF No. 17-1 at 6-8; ECF No. 22 at 3-6.)

**STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the proper legal standards were applied. *DeLorme v. Sullivan*, 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence means "more than a mere scintilla" but less than a preponderance. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Desrosiers v. Sec'y of Health & Human Servs.*, 846 F.2d 573, 575-76 (9th Cir. 1988). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401. This Court must review the record as a whole and consider adverse as well as supporting evidence. *Green v. Heckler*, 803 F.2d 528, 529-30 (9th Cir. 1986). Where evidence is susceptible of more than one rational interpretation, the Commissioner's decision must be upheld. *Gallant v. Heckler*, 753 F.2d 1450, 1452 (9th Cir. 1984).

**DISCUSSION**

**A.  The ALJ did not erroneously apply a presumption of non-disability.**

Plaintiff contends preliminarily that ALJ Valentino erroneously applied the presumption of non-disability set forth in *Chavez v. Bowen*, 844 F.2d 691 (9th Cir. 1988). (ECF No. 17-1 at 3.) In *Chavez*, the Ninth Circuit held that principles of *res judicata* apply to previous administrative decisions regarding disability and impose an obligation on the claimant to come forward with new and material evidence of changed circumstances in

order to overcome the presumption of continuing non-disability. *Id.* at 693. Moreover, the previous ALJ's findings concerning RFC, education, and work experience are entitled to some preclusive effect, and such findings cannot be reconsidered by a subsequent ALJ absent new information not presented to the first ALJ. *See Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1173 (9th Cir. 2008) (citing *Chavez*, 844 F.2d at 694).

Here, plaintiff contends that ALJ Valentino's finding of a "severe mental impairment," which was not present in the 2013 administrative decision, constituted changed circumstances and thus overcame the presumption of non-disability. (*See id*. at 3-5, citing *Chavez*, 844 F.2d at 693). As such, plaintiff contends it was erroneous for ALJ Valentino to state that plaintiff had "failed to overcome the presumption of nondisability." (*See* AR 26.)

In response, the Commissioner concedes that plaintiff's new "severe mental impairment" constituted changed circumstances sufficient to overcome the presumption. (*See* ECF No. 20-1 at 7, citing Acquiescence Ruling 97-4(9).) However, the Commissioner contends that ALJ Valentino "did not apply the *Chavez* presumption of continuing nondisability to deny [plaintiff's] claim, but instead conducted a full review of the new evidence in concluding that plaintiff was not disabled." (ECF No. 20-1 at 7.) The Court concurs. ALJ Valentino did in fact conduct a full review of the new evidence before concluding that plaintiff was not disabled. (*See* AR 22-27.) Accordingly, the Court finds that, regardless of ALJ Valentino's statement that plaintiff had failed to overcome the presumption of non-disability, reversal is not warranted based on ALJ Valentino's allegedly erroneous application of the presumption.

### B. The ALJ erred when he failed to incorporate the moderate mental limitation he found into his RFC determination.

In connection with his Listings determination, ALJ Valentino made certain findings with respect to the "paragraph B" criteria that he stated were supported by the treating records, the findings and opinions of the consulting psychiatrist (Dr. Glassman), and the

5

opinion of the ME (Dr. Gordy). (*See* AR 23.) Plaintiff contends that ALJ Valentino's RFC limitation to unskilled work[2] did not fully capture one of these findings—*i.e.*, that .plaintiff had "moderate difficulties in maintaining concentration, persistence, or pace." (*See* ECF No. 17-1 at 6-8; ECF No. 22 at 3-6.)

The Commissioner contends that the Ninth Circuit's decision in *Stubbs-Danielson* is "controlling and on point" with respect to this disputed issue. (*See* ECF No. 20-1 at 9-12.) There, two doctors had assessed the claimant with moderate limitations in mental functioning. *See Stubbs-Danielson*, 539 F.3d at 1173. An examining physician (Dr. McCollum) found that the claimant was "moderately limited" in her ability "to perform at a consistent pace without an unreasonable number and length of rest periods" but did not assess whether she could perform unskilled work on a sustained basis. *Id.* A state-agency reviewing psychologist (Dr. Eather) had identified the claimant's limitation in pace, as well as moderate limitations in several other areas of mental functioning but also found the claimant capable of carrying out "simple tasks." *Id.* Based on this medical opinion evidence, the ALJ assessed the claimant as having the RFC for simple, routine, repetitive work and he did not include any moderate limitations in pace or other mental areas of functioning in his hypothetical to the VE. *See id.* at 1171, 1173-74. In doing so, the ALJ did not reject the two doctors' findings of moderate limitations in pace and other areas of mental functioning. *Id.* at 1174. Rather, the ALJ "translated" the claimant's condition, "including the pace and mental limitations, into the only concrete restrictions available to him — [the state-agency reviewing psychologist's] recommended restriction to 'simple tasks.'" *Id.* The Ninth Circuit held that the ALJ's limitation to "simple, routine, repetitive" work sufficiently accommodated the medical-opinion evidence that the claimant had a

---

[2] The Commissioner defines "unskilled work" as "work which needs little or no judgment to do simple duties that can be learned on the job in a short period of time." 20 C.F.R. § 416.968(a).

6

"moderate" limitation in pace and "other mental limitations regarding attention, concentration, and adaption." *See id.* at 1173-74.

Here, unlike in *Stubbs-Danielson*, there is no medical opinion evidence that ALJ Valentino was adopting when he made the determination that, despite the moderate limitation with regard to concentration, persistence, or pace that he had found based on the ME's testimony, plaintiff still was capable of performing unskilled work. Dr. Glassman had opined in her December 18, 2013 "Psychiatric Disability Evaluation" report that plaintiff was "capable of understanding and following at least simple instructions." (AR 278.) However, she had only found that plaintiff had "mild impairment in her capacity to maintain concentration, persistence, and pace, and to adapt to changes and stresses in a workplace setting." (*Id.*) Likewise, the State Agency physicians had only found that plaintiff had mild difficulties in maintaining concentration, persistence, or pace. (*See* AR 107, 122.) Although the ME had opined at the administrative hearing based on his review of plaintiff's medical records through May 2014 that giving plaintiff the "benefit of the doubt," she would have "moderate" limitation in her ability to maintain "concentration and pace" (and ALJ Valentino had adopted this finding), the ME did not assess whether plaintiff could perform unskilled work on a sustained basis. (*See* AR 45-46.)

The Commissioner maintains that ALJ Valentino's limitation to unskilled work adequately captured the ALJ's finding of a moderate limitation with regard to concentration, persistence, or pace and that *Stubbs-Danielson* "establishes unequivocally that an ALJ need not include moderate limitations in concentration, persistence, and pace in a hypothetical to a VE." (*See* ECF No. 20-1 at 10-11.) The Court disagrees. The Ninth Circuit expressly stated in *Stubbs-Danielson* that "an ALJ's assessment of a claimant adequately captures restrictions related to concentration, persistence, or pace **where the assessment is consistent with restrictions identified in the medical testimony**." *See Stubbs-Danielson*, 539 F.3d at 1174 (emphasis added); *see also Turner v. Berryhill*, 705 F. App'x 495, 498 (9th Cir. 2017) (citing *Stubbs-Danielson* for same proposition); *Rogers v. Comm'r of Soc. Sec. Admin.*, 490 F. App'x 15, 17-18 (9th Cir. 2012) (citing *Stubbs-*

7

*Danielson* for the proposition that "the RFC adequately captures restrictions in broad functional areas **if it is consistent with the concrete limitations in the medical opinions**" (emphasis added)).[3]

The Court therefore finds that *Stubbs-Danielson* is distinguishable and that ALJ Valentino was not qualified to make the determination that a limitation to unskilled work adequately captured his finding of a moderate limitation with regard to concentration, persistence, or pace. *See Day v. Weinberger*, 522 F.2d 1154, 1156 (9th Cir. 1975) (recognizing that an ALJ is "not qualified as a medical expert"). Accordingly, the Court concurs with plaintiff that ALJ Valentino erred when he failed to incorporate the moderate mental limitation he found into his RFC determination and his hypothetical to the VE. *See Valentine v. Commissioner*, 574 F.3d 685, 690 (9th Cir. 2009) (The ALJ's RFC determination and hypothetical question "must set out *all* the limitations and restrictions of the particular claimant." (quoting *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988)); *see also Lubin v. Comm'r of Soc. Sec. Admin.*, 507 F. App'x 709, 712 (9th Cir. 2013) ("Although the ALJ found that Lubin suffered moderate difficulties in maintaining concentration, persistence, or pace, the ALJ erred by not including this limitation in the residual functional capacity determination or in the hypothetical question to the vocational expert."); *Brink v. Comm'r Soc. Sec. Admin.*, 343 F. App'x. 211, 212 (9th Cir. 2009) (hypothetical question limiting claimant to "simple, repetitive work" did not adequately

---

[3] The Commissioner also contends that the Ninth Circuit "addressed this precise issue" in *Hoopai v. Astrue*, 499 F.3d 1071 (9th Cir. 2007). (*See* ECF No. 20-1 at 11-12.) The Court disagrees. The issue in *Hoopai* was whether satisfaction of the step-two threshold requirement that a claimant prove her limitations are severe was dispositive of the step-five determination of whether the non-exertional limitations were sufficiently severe such as to invalidate the ALJ's exclusive use of the grids without the assistance of a vocational expert. *See id.* at 1076. Unlike the ALJ in *Hoopai,* the ALJ here *agreed* with the ME's opinion that plaintiff's mental impairment resulted in a moderate limitation, but without explanation, he disregarded that limitation assessed by the ME when formulating plaintiff's RFC. Thus, the *Hoopai* case is inapposite.

capture moderate limitations in concentration, persistence, or pace); *cf. Van Sickle v. Astrue*, 385 F. App'x 739, 741 (9th Cir. 2010) (holding ALJ erred by failing to include in his RFC the moderate mental limitations reported by the examining psychologist and the non-examining state medical consultant).

Further, the Court finds that ALJ Valentino's error was not harmless. At the administrative hearing, plaintiff's counsel asked the VE whether a hypothetical person with a moderate limitation in concentration could perform the cashier and checker jobs the VE had identified as corresponding to plaintiff's past relevant work. The VE responded "no." (AR 57.) It follows that ALJ Valentino's determination at step four of the sequential evaluation process that plaintiff could return to her past relevant work cannot be affirmed.

**CONCLUSION AND RECOMMENDATION**

The law is well established that the decision whether to remand for further proceedings or simply to award benefits is within the discretion of the Court. *See, e.g.*, *Salvador v. Sullivan*, 917 F.2d 13, 15 (9th Cir. 1990); *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989); *Lewin v. Schweiker*, 654 F.2d 631, 635 (9th Cir. 1981). Remand for further proceedings is warranted where additional administrative proceedings could remedy defects in the decision. *See, e.g.*, *Kail v. Heckler*, 722 F.2d 1496, 1497 (9th Cir. 1984); *Lewin*, 654 F.2d at 635. Remand for the payment of benefits is appropriate where no useful purpose would be served by further administrative proceedings, *Kornock v. Harris*, 648 F.2d 525, 527 (9th Cir. 1980); where the record has been fully developed, *Hoffman v. Heckler*, 785 F.2d 1423, 1425 (9th Cir. 1986); or where remand would unnecessarily delay the receipt of benefits to which the disabled plaintiff is entitled, *Bilby v. Schweiker*, 762 F.2d 716, 719 (9th Cir. 1985).

Here, the ALJ's non-disability determination was based on his step four finding that plaintiff could return to her past relevant work. Thus, the ALJ never reached step five of the sequential evaluation process. The Court has concluded that remand for further

9

17-cv-02108-CAB (RNB)

proceedings is warranted because additional administrative proceedings could remedy the defects in the ALJ's decision.

The Court therefore **RECOMMENDS** that plaintiff's motion for summary judgment be **GRANTED**, that the Commissioner's cross-motion for remand be **DENIED,** and that Judgment be entered reversing the decision of the Commissioner and remanding this matter for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

Any party having objections to the Court's proposed findings and recommendations shall serve and file specific written objections within 14 days after being served with a copy of this Report and Recommendation. *See* Fed. R. Civ. P. 72(b)(2). The objections should be captioned "Objections to Report and Recommendation." A party may respond to the other party's objections within 14 days after being served with a copy of the objections. *See* Fed. R. Civ. P. 72(b)(2). *See id.*

Dated: November 20, 2018

_____
ROBERT N. BLOCK
UNITED STATES MAGISTRATE JUDGE

10

17-cv-02108-CAB (RNB)